**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2125-16T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

STANLEY CLIFF SMITH, a/k/a
JERRY JOHNSON,

     Defendant-Appellant.

_____

Submitted October 31, 2018 – Decided November 26, 2018

Before Judges Currier and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 02-10-1409.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Monica A. Martini, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Stanley Cliff Smith appeals from a September 6, 2016 order denying his petition for post-conviction relief (PCR) after a limited evidentiary hearing conducted on July 8, 2016.[1] We affirm.

Defendant was convicted of first-degree murder, N.J.S.A. 2C:11-3(b), second-degree possession of a weapon for an unlawful purpose, N.J.S.A 2C:39-4(d), and third-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b). The sentencing judge merged the gun possession charges into the murder charge, and imposed a thirty-year sentence with a thirty-year parole disqualifier.

Defendant filed a direct appeal, and we affirmed. State v. Smith, No. A-2439-07 (App. Div. Aug. 4, 2010). The New Jersey Supreme Court granted defendant's petition for certification, and affirmed the conviction on October 25, 2012. State v. Smith, 212 N.J. 365 (2012).[2]

---

[1] The evidentiary hearing was limited to whether certain individuals were proper alibi witnesses and, if so, whether defendant's trial counsel failed to investigate either individual as an alibi witness to testify at trial.

[2] On March 4, 2013, the United States Supreme Court denied defendant's petition.

Defendant filed a pro se PCR petition on July 2, 2012. The judge reviewing this first PCR petition denied the application because defendant's direct appeal was still pending.

On May 10, 2013, defendant filed a new pro se PCR petition. The PCR judge granted defendant's request for an evidentiary hearing limited to potential alibi witnesses. At the evidentiary hearing, the court heard testimony from defendant, defendant's trial counsel, and two potential alibi witnesses.

In a thorough and comprehensive forty-six page written decision, Judge Timothy P. Lydon denied defendant's PCR application. We need not repeat the judge's detailed recitation of the testimony from the trial and PCR evidentiary hearing.

On appeal, defendant raises the following arguments in his counseled brief:

POINT I

> DEFENDANT'S PCR PETITION SHOULD NOT HAVE BEEN TIME BARRED.

POINT II

> DEFENDANT'S CONVICTION MUST BE REVERSED BECAUSE TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE

3

P.J.[3] AND S.F. AS EXCULPATORY WITNESSES AND/OR HAVE THEM TESTIFY.

POINT III

TRIAL COUNSEL EFFECTIVELY INDUCED DEFENDANT NOT TO TESTIFY.

POINT IV

THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF PRETRIAL COUNSEL'S INEFFECTIVENESS FOR NOT INFORMING HIM THAT HE HAD THE RIGHT TO TESTIFY AT THE MIRANDA[4] HEARING.

POINT V

THIS MATTER MUST BE REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING DEFENDANT'S CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE D.S. AND J.R. AND/OR HAVE THEM TESTIFY AS EXCULPATORY WITNESSES. (Not raised below).

In his pro se supplemental brief, defendant raises the following arguments:

POINT I

THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-

---

[3] We use initials to protect the identities of the potential witnesses.

[4] Miranda v. Arizona, 384 U.S. 436 (1966).

4

CONVICTION RELIEF[.] THE DEFENDANT['S] CONVICTION MUST BE REVERSED DUE TO TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO INVESTIGATE AND INTERVIEW ALIBI WITNESS P.J. AND PARTIAL ALIBI WITNESS S.F., AS EXCULPATORY WITNESSES AND HAVE THEM TESTIFY AT DEFENDANT'S TRIAL.

POINT II

THE DEFENDANT'S PCR ATTORNEY WAS INEFFECTIVE FOR NOT PROVIDING THE PCR COURT WITH THE CELLPHONE SUBSCRIBER INFORMATION.

We affirm the denial of defendant's PCR petition for the reasons set forth in Judge Lydon's thoughtful and cogent written opinion. We add only the following comments.

In accordance with Rule 3:22-6A(2), when a first PCR petition is dismissed without prejudice, the petition may be refiled as a first petition if it is filed "within 90 days of the date of the judgment on direct appeal" or within five years of the date of the entry of the judgment of conviction. In this case, defendant's PCR petition refiled on May 10, 2013 was not timely under the Rule because ninety days from the New Jersey Supreme Court's denial of defendant's petition for certification was January 20, 2013, and five years from the entry of the judgment of conviction was May 17, 2012.

5                                                                    A-2125-16T4

Defendant contends his May 2013 petition was timely because it was filed within ninety days of the denial of his writ of certiorari to the United States Supreme Court. We reject this argument because "[f]ederal habeas corpus proceedings will not be deemed to toll the time prescribed by [Rule 3:22-12]." Pressler & Verniero, N.J. Court Rules, cmt. 2 to R. 3:22-12 (2019) (citing State v. Milne, 178 N.J. 486, 494 (2004)) ("[A] defendant's pursuit of federal review ordinarily would not extend the time frame within which to file a PCR petition in State court.").

On this record, we are satisfied the May 2013 PCR application was untimely and therefore should be treated as defendant's second petition. As a second or subsequent PCR petition, Rule 3:22-4(b) and Rule 3:22-12(a)(2) apply.

A second or subsequent PCR petition is untimely when filed more than one year after the latest date of: (A) a newly asserted constitutional right was recognized and made retroactive; (B) a newly discovered factual predicate was discovered, if it could not have been discovered earlier through reasonable diligence; or (C) a prior PCR petition was denied in which PCR counsel was allegedly ineffective. R. 3:22-4(b); R. 3:22-12(a)(2).

Defendant's second PCR application did not concern a newly recognized constitutional right or a newly discovered factual predicate that could not have been discovered earlier. All of the information raised in defendant's second PCR petition related to his ineffective assistance of counsel claim could have been discovered sooner through the exercise of reasonable diligence. See State v. Brewster, 429 N.J. Super. 387, 399-400 (App. Div. 2013). Nor does defendant raise ineffective assistance of PCR counsel, as he did not have counsel on his first PCR petition.

Even though the PCR judge determined defendant's PCR application was time barred, the judge reviewed the merits of his petition. To establish a prima facie claim of ineffective assistance of counsel, a convicted defendant must satisfy the two-part test enunciated in Strickland by demonstrating: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland test in New Jersey).

In reviewing ineffective assistance claims, courts apply a strong presumption that a defendant's trial counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."

7

Strickland, 466 U.S. at 690. "[C]omplaints 'merely of matters of trial strategy' will not serve to ground a constitutional claim of inadequacy[.]" Fritz, 105 N.J. at 54 (quoting State v. Williams, 39 N.J. 471, 489 (1963), overruled on other grounds by State v. Czachor, 82 N.J. 392 (1980)). To demonstrate the likelihood of succeeding under the Strickland/Fritz test, a defendant "must do more than make bald assertions[,] . . . [and] must allege facts sufficient to demonstrate counsel's alleged substandard performance." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

We reject all of defendant's arguments asserting ineffective assistance of counsel for the reasons expressed in Judge Lydon's comprehensive written decision.

The PCR judge found the testimony of defendant's trial counsel credible and the testimony of defendant's alibi witnesses unreliable and poor. The judge concluded defense counsel made a strategic litigation decision that the testimony of the proffered witnesses was more problematic than helpful to defendant.

The PCR judge also determined defendant's trial counsel discussed the right to testify at the Miranda hearing and trial, and defendant deferred to his attorney on the matter. Further, the judge found defendant knowingly and intelligently waived his right to testify, his waiver was well documented in the

record based upon the discussions with his trial counsel, defendant was not compelled or coerced regarding his decision not to testify, and defendant had sufficient time to consider whether to testify at trial. Nor is there any evidence in the record to support a conclusion that had defendant testified at the Miranda hearing or at trial, the outcome of the case would have been different.

The PCR judge further found defense trial counsel effectively cross-examined the State's witnesses and his representation of defendant throughout the trial was not ineffective. The judge concluded defense trial counsel exercised reasonable and professional judgment in his strategy decisions regarding his representation of defendant throughout the trial.

Regarding the failure of defense trial counsel to investigate whether D.S. and J.R. had information to serve as exculpatory witnesses at defendant's trial, this issue was not presented to the PCR judge. We decline to review issues not presented to the trial court unless the issue is jurisdictional or concerns a matter of public importance. See Zawan v. Felton, 219 N.J. 199, 227 (2014) (quoting Nieder v. Royal Idem. Ins. Co., 62 N.J. 229, 234 (1973)). Because the issue raised by defendant for the first time on appeal is not jurisdictional or a matter of public importance, we decline to consider the argument.

A-2125-16T4

Having reviewed the record, we find defense counsel's actions did not fall below the requisite standard to satisfy the Strickland/Fritz test. The trial evidence against defendant was overwhelming. Defendant presented no competent evidence demonstrating satisfaction of either prong under the Strickland standard. Without presenting a prima facie case of ineffective assistance of counsel, defendant was not entitled to an evidentiary hearing on those issues. See State v. Preciose, 129 N.J. 451, 462-63 (1992).

The arguments in defendant's supplemental pro se brief are without sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2125-16T4